IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DENNIS BURTON UNDERWOOD,

Case No. 2:16-cv-01321-PK

Plaintiff,

**ORDER**

v.

ROBERT LAMPERT, and MRS.
ROCHESTER,

Defendants.

HERNÁNDEZ, District Judge:

Plaintiff, an inmate at Snake River Correctional Institution (SRCI), brings this civil rights

action pursuant to 42 U.S.C. § 1983. This Court granted Plaintiff's Application to Proceed *In Forma*

*Pauperis*. Currently before the Court are Plaintiff's Complaint (ECF No. 2), Motion to Amend the

Complaint (ECF No. 5), and Motion for Preliminary Injunction (ECF No. 7).

## BACKGROUND

Plaintiff is currently incarcerated pursuant to his conviction for Assault in the Second Degree.

Plaintiff allegedly appealed his conviction and, as of July 8, 2016, he is proceeding *pro se* on appeal.

On July 14, 2016, Plaintiff signed his Motion for Preliminary Injunction, wherein he states that his

appellate transcript is due in 30 days. Plaintiff complains that Assistant Public Defender Eric

1 - ORDER

Johansen and Iva Osman, a transcriber, have delayed filing the appellate transcript, and he needs additional library time and funds for photocopies to enable him to file his appellate brief in a timely manner. Although Plaintiff does not disclose the filing deadline for his appellate brief, he alleges that the usual briefing schedule is 49 days, and that Defendant Johansen set up an "11 month briefing schedule for the opening brief to be due" before he withdrew as counsel.

## DISCUSSION

### I. Motion to Amend

Plaintiff filed his original Complaint on June 28, 2016, naming SRCI Superintendent Robert Lampert and Law Library Coordinator Rochester as Defendants. Plaintiff's Complaint includes three handwritten pages of facts detailing the nature of his library access, the legal issues he seeks to raise on appeal, and his attempts to obtain relief through the prison grievance process. In his proposed Amended Complaint, he seeks to add Superintendent Mark Nooth as a defendant in lieu of Defendant Lampert, and to add his former appellate attorney and a transcriber as defendants. Plaintiff attaches his proposed Amended Complaint, and moves the Court to treat his original Complaint as an "addendum" to the Amended Complaint.

Pursuant to Federal Rule of Civil Procedure 15(a)(1), Plaintiff may amend his Complaint once as a matter of course within 21 days after serving it. Defendants have yet to be served. Accordingly, Plaintiff's Motion to Amend is granted. However, this Court declines to permit Plaintiff to append his original Complaint to the Amended Complaint because it may result in confusion regarding his allegations, and will make it more difficult for Defendants to frame a responsive pleading. If Plaintiff seeks to augment the facts set forth in his Amended Complaint, he may move the Court to file a second amended complaint which contains all of his facts and claims for relief.

2 - ORDER

## II.     Order Dismissing Amended Complaint in Part

### A.     Standards

This Court must dismiss an action initiated by a prisoner seeking redress from a governmental entity or officer or employee, if the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

In order to state a claim, a plaintiff must allege facts which, when accepted as true, give rise to a plausible inference that the defendants violated plaintiff's constitutional rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678 (internal quotations omitted). Plaintiff is proceeding *pro se*, and therefore this Court construes the pleadings liberally and affords Plaintiff the benefit of any doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### B.     Anaylsis

"Section 1983 provides a cause of action against any person who deprives an individual of federally guaranteed rights 'under color' of state law." *Filarsky v. Delia*, 132 S.Ct. 1657, 1661 (2012) (quoting 42 U.S.C. § 1983). A private individual, whose conduct is *fairly attributable* to the state, can be sued as a state actor under § 1983. *Id.*; *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1139 (9th Cir. 2012).

Plaintiff fails to allege facts to support a reasonable inference that Defendant Johansen acted under color of state law. On the contrary, a public defender "performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding" does not act under color of state law. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). Similarly, Plaintiff alleges no facts to support a reasonable inference that Iva Osman, a transcriber hired to prepare the appellate transcript, acted under color of state law. *See Rushion v. NYS Division of Parole*, No. 13-CV-4277, 2015 WL 5475605, *2 (E.D.N.Y. Sept. 15, 2015) (private stenographer who transcribes parole hearings not a state actor); *Burroughs X v. Dorn*, No. 13-CV-03609 (ARR)(LB), 2013 WL 3820673, *4 (E.D.N.Y. July 22, 2013) (court reporter employed by private corporation did not act under color of state law). Accordingly, Plaintiff's Amended Complaint is dismissed as to Defendants Johansen and Osman.

## III. Motion for Preliminary Injunction

Plaintiff moves the Court to compel Defendants to provide him a $50.00 budget to pay for copying cost of "case summaries" and "assignments of error," to enable him to edit his appellate brief in his prison cell. Additionally, he seeks to compel Defendants to provide him daily access to the law library. Plaintiff complains that he currently is provided only three and one-half hours of library access per week and he is unable to obtain priority access because he has not provided an imminent due date for his brief. Plaintiff complains that he may have to request an extension of time to file his appellate brief which will result in "spend[ing] more time in prison for a crime which he is not guilty of." Complaint (ECF No. 2 at 5).

### A. Standards

A plaintiff seeking a preliminary injunction must establish that (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the

4 - ORDER

balance of equities tip in his favor; and (4) an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *see also League of Wilderness Defenders/Blue Mountains Biodiversity Project v. Connaughton*, 752 F.3d 755, 759 (9th Cir. 2014) (court may issue injunction if there are serious questions going to the merits and the balance of hardships tip sharply towards the plaintiff, provided he also shows there is a likelihood of irreparable injury and the injunction is in the public interest). Where, as here, the plaintiff seeks a mandatory injunction which goes beyond maintaining the *status quo*, he must demonstrate that "extreme or very serious damage will result." *Am. Freedom Defense Initiative v. King County*, 796 F.3d 1165, 1173 (9th Cir. 2015) (internal quotations omitted).

## B. Constitutional Right of Access to the Courts

In *Bounds v. Smith*, 430 U.S. 817, 828 (1977), the Supreme Court held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." However, prisoners do not have "an abstract, freestanding right to a law library or legal assistance" and a prisoner "cannot establish relevant actual injury simply by establishing that the prison's law library . . . is subpar in some theoretical sense." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Rather, a prisoner must demonstrate that he has suffered actual injury to contemplated or existing litigation. *Id.* at 351-53; *See Hebbe v. Pliler*, 627 F.3d 338, 343-43 (9th Cir. 2010) (prisoner may state a claim if he was impermissibly denied the opportunity to appeal his conviction).

In the instant proceeding, Plaintiff has failed to demonstrate that he is likely to succeed on the merits of his access claim, or that he is likely to suffer irreparable harm in the absence of preliminary relief. Because Plaintiff has not alleged when his appellate brief is due, he has failed to

5 - ORDER

demonstrate that his current access to the law library or photocopies will hinder or prevent him from filing his brief on time."Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction." *Caribbean Marine Servs. Co. v. Baldridge*, 844 F.2d 668, 674 (9th Cir. 1988). Plaintiff's more tenuous assertion that his lack of adequate access will delay his appeal which, in turn, will cause him to serve a prison term for a crime he did not commit, is not the type of "actual injury" to court access that supports a claim under the authorities discussed above. For all of these reasons, Plaintiff's Motion for Preliminary Injunction (ECF No. 7) is DENIED.

## CONCLUSION

Based on the foregoing, IT IS ORDERED that Plaintiff's Motion to Amend (ECF No. 5) is GRANTED. The Clerk of the Court is DIRECTED to detach Plaintiff's Proposed Amended Complaint from his motion and file it in the Court record. IT IS FURTHER ORDERED that Plaintiff's Amended Complaint is DISMISSED as to Defendants Eric Johansen and Iva Osman, and Plaintiff's Motion for Preliminary Injunction (ECF No. 7) is DENIED.

Plaintiff may file a Second Amended Complaint, curing the deficiencies noted above, within 30 days of the date of this Order. In the absence of a Second Amended Complaint, this action shall proceed against Defendants Nooth and Rochester only.

The Clerk of the Court is DIRECTED to send a copy of this order to Assistant Attorney General Shannon M. Vincent.

IT IS SO ORDERED.

DATED this $\underline{8}$ day of August, 2016.

Marco A. Hernández
United States District Judge

6 - ORDER